CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* DYE
ALLEN.

[42 South. Rep., 666.]

DAMAGES. *Punitive. When not recoverable.*

Punitive damages are not recoverable unless the acts complained of
are characterized by malice, fraud, oppression, or willful wrong,
evincing a disregard of the rights of others.

FROM the circuit court of Tate county.

HON. JAMES B. BOOTHE, Judge.

Allen, the appellee, was plaintiff in the court below; the tele-
phone company, appellant, was defendant there. From a
judgment in plaintiff's favor defendant appealed to the
supreme court.

Plaintiff sought to recover compensatory and punitive dam-
ages because of the failure of the defendant to furnish him tele-
phone connection. The plaintiff, being at Wheatley, Arkan-
sas, and desirous of learning the condition of his wife, whom
he had left ill at Senatobia, Mississippi, applied, early in the
morning, through the American Telephone Company for long
distance telephone connection with his brother-in-law, one Bur-
ton, at Senatobia, of whose home the wife was an inmate. The
defendant's telephone line is the only one reaching Senatobia,
and the telephone office at Wheatley, as defendant's agent,
required of plaintiff a messenger's fee to be paid, and it was
paid to the defendant company as compensation for sending
for Burton and asking him to come to a long distance tele-
phone at Senatobia, Burton having no telephone in his home.
The Wheatley office promptly notified defendant's Senatobia
office of the call for Burton, and urged defendant to have
that gentleman come to the telephone. The Senatobia office,
not having a regular messenger service, engaged a fifteen-year-

old boy to notify Burton, but the youngster made no report of having done so. The Wheatley office, at the instance of plaintiff, continued to make insistent calls for Burton, and defendant, about one o'clock in the afternoon of the day, sent out a second messenger who, within a few hours, falsely reported that Burton could not be found. The first messenger, as was developed on the trial, notified a son of Burton's, with whom he played during the day, that his father was wanted at the long distance telephone, the messenger claiming that he so informed Burton's son at about noon; but the son claimed that the notice was not given him until six o'clock in the evening, about dark, after he and the messenger had been playing together most of the afternoon. The plaintiff remained at Wheatley all day, until six o'clock in the evening, to telephone to Burton, but was unable to do so, for the reasons stated. Burton, upon being notified by his son shortly after six o'clock in the evening, hastened to the defendant company's office in Senatobia, but was informed by the Wheatley office that plaintiff had left. Plaintiff was never repaid the twenty-five cents messenger fee which passed into defendant's hands, and subsequently instituted this suit against the defendant company. The jury awarded him $250 damages. The only actual damages proved were the twenty-five cents messenger fee paid and not returned, and time lost. Plaintiff contended that the failure to notify Burton, who was within easy reach of the telephone office, and who was well known in Senatobia, was such negligence as warranted punitive damages.

The second instruction, referred to in the opinion, was as follows:

"2. If the jury believe from the evidence that plaintiff is entitled to recover, and if they further believe from the evidence that the failure to notify the party wanted was grossly negligent, willful or oppressive, or showed a disregard of the rights of plaintiff, then the jury are not confined to actual

damages, but may assess such punitive damages as the jury deem proper, as a punishment for the wrong done to plaintiff, not to exceed $1,000, the amount sued for."

· The granting of this instruction by the court was assigned as error by appellant, as was also the refusal of the court to grant an instruction that plaintiff should recover only actual damages.

*Harris & Powell,* for appellant.

The evidence did not justify a finding of willful wrong on the part of the appellant. Every reasonable effort was made to find Burton, the brother-in-law of appellee, at Senatobia. There was nothing at any time to indicate to the appellant that the damage sued for would result from the failure to deliver the telephone call promptly. The call itself was merely for some one to come to the telephone at Senatobia. Appellant admits that it would have been easy for him to telegraph, after discovering that he could get no response by telephone.

The only question raised by the conflicting testimony was whether there was failure of such diligence on the part of appellant as would entitle the appellee to actual damages, if any had been sustained. This court has held, in the case of ¡*Vicksburg, etc., Co.* v. *Marlett,* 78 Miss., 872 (s.c., 29 South. Rep., 62), that punitive damages are recoverable only where the acts complained of are characterized by malice, fraud, oppression or willful wrong, evincing a disregard of the rights of others. The opinion in that case states that a "willful wrong that gives a cause of action for the imposition of exemplary damages must be denoted by a wrongful act done with a knowledge of its wrongfulness." This rule was again reiterated by this court in the case of *Telephone Co.* v. *Baker,* 85 Miss., 486 (s.c., 37 South. Rep., 1012). See, also, *Dorrah* v. *Railroad Co.,* 65 Miss., 14 (s.c., 3 South. Rep., 36); *Telegraph Co.* v. *Rogers,* 68 Miss., 748 (s.c., 9 South. Rep., 823), and *Tele-*

*graph Co.* v. *Pearce,* 82 Miss., 487 (s.c., 34 South. Rep., 152);
*Hilley* v. *Telegraph Co.,* 85 Miss., 67 (s.c., 37 South. Rep.,
556); *Telegraph Co.* v. *Spratley,* 84 Miss., 86 (s.c., 36 South.
Rep., 188).

Since the decision of the case of *Watson* v. *Telegaph Co.,*
82 Miss., 101 (s.c., 33 South. Rep., 776), the im-
pression seems to prevail that a telegraph or tele-
phone company is liable in punitive damages in almost
any case of delay in the delivery of a message, but the *Watson*
*case* is not at all a parallel case with the one at bar. That was
a case of a message announcing the death of the plaintiff's hus-
band. Practically no effort was made to deliver the message.
The proof on the part of the company was that a negro porter
had gone out and made some little inquiry among some negroes
as to Mrs. Watson. No further inquiry was made; the mes-
sage was hung on a hook in the office, and Mrs. Watson's son
applied two or three times at the office for the message, and
was told that no message was there, although the message was
all the time hanging on the hook in the office; and it was a
week afterward, when a letter had been received announcing
the, death and burial of Mr. Watson, before the message was
delivered. In the case at bar two efforts were made to get the
party to the telephone. The fact that some member of the
Burton family was wanted was actually communicated to that
family, and one of them went to the exchange, but too late
to get the appellee. The appellee merely put in a call, as he
says, for Claude Burton; he did not even communicate to the
appellant his own name, and he had other means at hand to
have gotten the information desired. The call was received
at Senatobia at twelve o'clock, Sunday, and Mr. Burton came
to the exchange about six hours later, and found that the party
who wanted him at Wheatley, Arkansas, had gone.

In consideration of the foregoing we think the case is not
one for punitive damages, and the court erred in not so in-

struĕting the jury. The judgment is grossly excessive, and, we respectfully submit, should be reversed. The plaintiff is only entitled to nominal damages.

*J. F. Dean,* for appellee.

The evidence, including the testimony of several witnesses for appellant, shows that no effort was made to notify Burton until five hours after the call was received. And even when effort was made, it consisted merely of notification to one of the younger sons of Mr. Burton that some member of his family was wanted at the telephone. This notification was given to this young boy by a messenger boy of the company, only after the two had been playing together for some time.

The delivery of a message or other notice to an infant child is practically no delivery. *Telegraph Co.* v. *Whitson,* 41 South. Rep. (Ala.), 405. The messenger himself never made any delivery to Burton, and such failure was certainly gross negligence.

If the appellant had started out deliberately to see how many rights of appellee it could disregard, it could not have met with better success under any circumstances. Suppose the appellant had refused arbitrarily to permit the appellee, Allen, to use its lines, it would then have been liable for punitive damages. 27 Am. & Eng. Ency. of Law (2d ed.), 1021. Yet an absolute refusal would have been humane as compared with ten or twelve hours of harassing and nerve-torturing delay sustained by appellee.

Appellant cannot escape the consequences of its own gross negligence merely because appellee failed to use some other instrumentality to obtain the information desired. He had a legal right to use the long distance telephone. 27 Am. & Eng. Ency. of Law (2d ed.), 1021. When such right was willfully and wantonly denied him, he was entitled to punitive damages.

The appellant not only contracted to send the message, and

not only received pay for so doing, but in addition made a profit on the transaction; for it paid the messenger only fifteen cents, while charging appellee twenty-five cents. The messenger was its agent, not the agent of appellee, and appellant was responsible for his acts. His negligence was the negligence of appellant. In fact, the very employment of an irresponsible messenger was in itself gross negligence under the circumstances.

MAYES, J., delivered the opinion of the court.

The testimony in this case did not warrant the court in giving the second instruction for appellee, in which the jury are told that they might assess punitive damages. There is nothing which shows willfulness, oppression, or willful disregard of the rights of appellee, or any other willful wrong. In the case of *Vicksburg, etc., Co.* v. *Marlett,* 78 Miss., 873 (s.c., 29 South. Rep., 62), the court has said: "Punitive damages may be recovered only in cases where the acts complained of are characterized by malice, fraud, oppression, or willful wrong, evincing a disregard of the rights of others. There must be some element of one or more of the qualities or properties named, relating to the acts made the ground of action, before exemplary damages may be inflicted." The testimony in this case utterly fails to establish any element in the conduct of appellant, tested by the above rule, which would warrant the imposition of exemplary damages, and the instruction given by the court on this line was erroneous. This authority is repeated in the case of *Telegraph Co.* v. *Spratley,* 84 Miss., 86 (s.c., 36 South. Rep., 188), and in the case of *Telephone Co.* v. *Baker,* 85 Miss., 486 (s.c., 37 South. Rep., 1012).

The testimony undoubtedly shows that appellant was somewhat careless in not seeing to it that the call was delivered to Burton; but it is equally certain that there was no willful or intentional wrong intended. The measure of damages in this

case is actual damage sustained by appellee, and the court erred in refusing to instruct the jury that appellee could only recover his actual damage.

*For these reasons the case is reversed and remanded.*